UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOPHEAP L., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | Case No. C19-239-RSM-MLP <br><br> REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing medical opinions and Plaintiff's own statements regarding her ability to stand and walk. (Dkt. # 12 at 1-2.) As discussed below, the Court RECOMMENDS that the Commissioner's final decision be REVERSED and the case REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1963 in Cambodia and enrolled in tenth grade after moving to the United States, but did not graduate. AR at 22-23, 247. Plaintiff has worked as a housekeeper, and was last gainfully employed in March 2013. *Id.* at 269.

REPORT AND RECOMMENDATION - 1

In March 2015, Plaintiff protectively applied for benefits, alleging disability as of March 1, 2013. AR at 223-36, 239-40. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 117-18, 149-70, 172-83. After the ALJ conducted a hearing on May 18, 2017 (*id*. at 10-35), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 41-52.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff's polyarthritis vs. osteoarthrosis vs. sponyloarthropathy and right shoulder disorder/adhesive capsulitis are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: she can stand or walk for approximately six hours and sit for approximately six hours per eight-hour workday with normal breaks. She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead with her right upper extremity. She must avoid concentrated exposure to excessive vibration. She is limited to simple routine tasks, in a routine work environment with simple work-related decisions.

Step four: Plaintiff can perform past relevant work as a housekeeper as generally performed.

AR at 41-52.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Erred in Assessing Plaintiff's Ability to Stand and Walk**

The ALJ found Plaintiff capable of performing her past work as a housekeeper. AR at 51; Dictionary of Occupational Titles 302.685-010, 1991 WL 672651. Plaintiff argues that the ALJ erred in finding that she could perform this light job, which requires "a good deal of walking or

1  standing[,]" given her physical impairments. *See* Social Security Ruling 83-10, 1983 WL 31251,
2  at *5 (Jan. 1, 1983) (defining light work).

3  The Court agrees with Plaintiff that the ALJ's findings regarding her ability to stand and
4  walk are not supported by substantial evidence. The ALJ discounted Plaintiff's allegations of her
5  need to use an assistive device, emphasizing that Plaintiff has been able to attend appointments
6  without a cane on two occasions (AR at 48 (citing *id*. at 900, 1038)), but completely failed to
7  address the numerous notes that do mention her use of an assistive device. *See, e.g.*, *id*. at 582,
8  837, 851, 869, 872, 876, 881, 888, 897, 904, 929, 933, 935, 941, 945, 947, 951, 981, 989, 993,
9  1015, 1023, 1027, 1100, 1111, 1287, 1306, 1307, 1314, 1384, 1448, 1454, 1456, 1470, 1474,
10 1482, 1483, 1470, 1474, 1482, 1483, 1500, 1503, 1507, 1516, 1539. Furthermore, the ALJ failed
11 to acknowledge that during one of the appointments she cited as evidence that Plaintiff does not
12 need a cane, Plaintiff's provider recommended that Plaintiff use a cane as needed. *See id*. at 900.
13 This note also undermines the ALJ's emphasis on the fact that Plaintiff's son bought her the
14 cane. *See id*. at 48 (citing *id*. at 1111).

15 The ALJ also overstated the evidence regarding Plaintiff's ability to walk, emphasizing
16 that she was able to walk two blocks without difficulty on one occasion (AR at 48 (citing *id*. at
17 674)), but failing to recognize the many other records describing walking restrictions and gait
18 disturbance incompatible with the RFC finding that Plaintiff could walk for six hours per day.
19 *See, e.g.*, *id*. at 393 (Plaintiff would not be able to perform the walking for a light job), 640
20 (antalgic gait), 928 (gait imbalance), 950 (gait disturbance), 963 ("[d]ecreased mobility"), 989
21 ("slow speed and limping gait"), 993 (same), 1013 (antalgic gait, referred for gait evaluation),
22 1018 (antalgic gait), 1047 (slow walking, slight limp), 1084 (antalgic gait), 1114 (walks gingerly
23 with very small steps when not using a cane), 1117 ("very hesitant in walking without a cane and

would seem to be [a] fall risk"), 1238 (antalgic gait), 1265 (slow walking, slight limp), 1287 (slow speed and limping gait), 1307 ("[d]ifficult to walk"), 1314 (slow speed and limping gait), 1316 (limping with slow speed and decreased stride), 1493 (antalgic gait, but improving), 1626 (antalgic gait), 1690 (slightly antalgic gait), 1706 (antalgic gait), 1786 ("limited tolerance for walking"), 1880 ("slow" "antalgic" gait), 1920 ("it is not anticipated that the [plaintiff] would be able to remain on her feet the entire day" as required in her housekeeper job). The ALJ's emphasis on isolated portions of the record, while failing to acknowledge the evidence that contradicts her conclusion, is error. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("[W]e must consider the entire record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," and "may not affirm simply by isolating a specific quantum of supporting evidence." (internal citations omitted)); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports.").

It is true, as the ALJ cited, that some doctors opined that Plaintiff would be able to perform her past work as a housekeeper. *See* AR at 50. The ALJ failed to acknowledge, however, that these opinions were rendered in the context of a worker's compensation proceeding, and thus considered only certain accepted conditions, and did not account for any limitations arising subsequent to Plaintiff's March 2013 on-the-job injury, such as her right shoulder or rheumatology issues. Because the ALJ failed to adequately acknowledge the evidence contrary to her conclusions, the Court should find that the ALJ's conclusions are not supported by substantial evidence based on the record as a whole.

1    This error should be remedied by further proceedings, rather than a finding of disability,
2 because further proceedings would be useful to determine the extent of Plaintiff's limitations in
3 their totality, rather than only those connected with her workplace injury. *See Treichler v.*
4 *Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an
5 ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to
6 remand the case to the agency.").

## V.    CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Commissioner's final decision be REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the entire updated record and issue a new decision.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 2, 2019**. Objections, and any response, shall not exceed nine pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

Dated this 19th day of August, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge